IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LESLIE GLADSTONE, AS TRUSTEE OF WILLIAM G. TADLOCK, INC. BANKRUPTCY ESTATE, | ) | |
| Plaintiff, | ) | 04-1144 C (Senior Judge Eric G. Bruggink) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies and alleges as follows:

1.) The allegations contained in paragraph 1constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

JURISDICTION

2.) The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

3.) The allegations contained in the first sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Admits the allegations contained in 3.1 and 3.3 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations. The allegations contained in paragraph 3.2 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

4.) The allegations contained in paragraph 4 constitute conclusions of law to which no answer is

required; to the extent they are deemed allegations of fact, they are denied.

PARTIES

3[sic].) Admits the allegations contained in paragraph 3 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations. contained in paragraph 3

4[sic].) Admits the allegations contained in paragraph 4.

5.) Admits the allegations contained in paragraph 5 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

6.) Admits the allegations contained paragraph 6 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7.) Admits the allegations contained in paragraph 7 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8.). Admits the allegations contained in the paragraph 8 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9.) Admits the allegations contained in paragraph 9 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10.) Admits the allegations contained in paragraph 10 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11.) Denies the allegations contained in the first sentence of paragraph 11for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the referenced document, which is the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 11.

12.) Admits the allegations contained in paragraph 12 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13.) Admits the allegations contained in paragraph 13 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14.) Admits the allegations contained in paragraph 14 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15.) Admits the allegations contained in paragraph 15 to the extent supported by the

referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16.) Admits the allegations contained in paragraph 16.

17.) Admits the allegations contained in paragraph 17 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18.) Admits the allegations contained in paragraph 18 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19.) Admits the allegations contained in paragraph 19 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20.) Admits the allegations contained in paragraph 20.

21.) Admits the allegations contained in paragraph 21 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22.) Admits the allegations contained in paragraph 22 to the extent supported by the

referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23.) Admits the allegations contained in paragraph 23 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24.) Admits the allegations contained in paragraph 24 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25.) Admits the allegations contained in paragraph 25 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26.) Admits the allegations contained in paragraph 26 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27.) Admits the allegations contained in the first and second sentences of paragraph 27 to the extent

supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 27. Admits the

allegations contained in the third sentence of paragraph 27.

28.) Admits the allegations contained in the first and second sentences of paragraph 28 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 28. Admits the allegations contained in the third and fourth sentences of paragraph 28.

29.) Denies the allegations contained in the first sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 29.

30.) Admits the allegations contained in paragraph 30 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31.) Admits the allegations contained in the first sentence of paragraph 31 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 31. Denies the allegation contained in the second sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to its truth.

32.) Admits the allegations contained in paragraph 32 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33.) Admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 33. Denies the allegations contained in the second sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.) Admits the allegations contained in the first sentence of paragraph 34 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 34. Admits the allegations contained in the second sentence of paragraph 34.

35.) Admits the allegations contained in paragraph 35 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36.) Denies the allegations contained in the first sentence of paragraph 36 except to admit that there was a telephone conversation between Terry Riggs and Renae Jones concerning the allowability of equipment rental costs. Denies the allegations contained in the second sentence of paragraph 36. Denies the allegations contained th the third sentence of paragraph 36, except to admit that Mr. Riggs stated that Tadlock could replace its equipment with rental equipment.

37.) Admits the allegations contained in the first sentence of paragraph 37. Admits the allegations contained in the second and third sentences of paragraph 37 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 37.

38.) Admits the allegations contained in paragraph 38 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39.) Denies the allegation contained in paragraph 39; avers that the Government agreed to extend the due date for Tadlock to submit its termination settlement proposal to August 28, 1998.

40.) Admits the allegations contained in paragraph 40 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41.) Admits the allegations contained in paragraph 41.

42.) Admits the allegations contained in paragraph 42 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained

in paragraph 42.

43.) Admits the allegations contained in paragraph 43.

44.) Admits the allegations contained in paragraph 44.

45.) Admits the allegations contained in paragraph 45.

46.) Admits the allegations contained in paragraph 46 to the extent supported by the referenced

documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 46.

47.) Admits the allegations contained in paragraph 47.

48.) Admits the allegations contained in paragraph 48 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49.) Admits the allegations contained in paragraph 49 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50.) Denies the allegations contained in the paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51.) Denies the allegation contained in the first sentence of paragraph 51 that the referenced letter

was Tadlock's final proposal; admits the remaining allegations contained in the first sentence of paragraph 51to the extent supported by the referenced document, which is the best evidence of its

contents. Denies the allegation contained in the second sentence of paragraph 51 that a report was submitted with the February 26, 1999 proposal; the remaining allegations contained in the second sentence of paragraph 51 are denied for lack of sufficient knowledge or information sufficient to form a belief as to their truth.

52. Admits the allegations contained in paragraph 52 to the extent supported by the referenced

document, which is the best evidence of its contents; otherwise, otherwise denies the allegations contained in paragraph 52.

53.) Admits the allegations contained in the first sentence of paragraph 53. Admits the allegations

contained in the second sentence of paragraph 53 to the extent supported by the referenced document, which is the best evidence of its contents; denies the remaining allegations contained in the second sentence of paragraph 53.

54.) Admits the allegations contained in paragraph 54.

55.) The allegations contained in the first sentence of paragraph 55 constitute conclusions of law to

which no answer is required; to the extent they are deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 55 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 55. Admits the allegation contained in

the third sentence of paragraph 55 that the Government requested that Padlock use the inventory method; the remaining allegations contained in the third sentence of paragraph 55 are denied.

56.) Admits the allegations contained in paragraph 56.

57.) Admits the allegations contained in paragraph 57.

58.) Admits the allegations contained in paragraph 58 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59.) Admits the allegations contained in paragraph 59 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 59.

60.) Denies the allegations contained in paragraph 60.

61.) Admits the allegations contained in paragraph 61 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 61.

62.) Admits the allegations contained in paragraph 62 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63.) Denies the allegations contained in paragraph 63.

64.) Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65.) Admits the allegations contained in paragraph 65 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65.

66.) Admits the allegations contained in paragraph 66 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67.) Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68.) The allegation contained in paragraph 68 constitutes a conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

69.) Admits the allegations contained in paragraph 69.

70.) Admits the allegations contained in paragraph 70 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71.) Denies the allegations contained in paragraph 71 for lack of knowledge or information

sufficient to form a belief as to their truth.

72.) Admits the allegations contained in paragraph 72 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 72.

73.) The allegations contained in paragraph 73 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

74.) Admits the allegations contained in paragraph 74 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 74.

75.) The allegations contained in paragraph 75 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

76.) Denies the allegations contained in paragraph 76.

77.) Denies the allegations contained in paragraph 77.

78.) Denies the allegations contained in paragraph 78.

79.) Denies the allegations contained in paragraph 79.

80.) Defendant incorporates by reference its responses set forth in paragraphs 1 through 14 above, as though fully set forth herein.

81.) The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

82.) The allegations contained in paragraph 82 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

83.) Denies the allegations contained in paragraph 83.

84.) Denies the allegations contained in paragraph 84.

85.) Denies the allegations contained in paragraph 85.

86.) Defendant denies each and every allegation not previously admitted or denied.

87.) Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 85, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

November 10, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 10 th day of November, 2004, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ Leslie Cayer Ohta

____________________________________________